WILLIAM JOHNSON, plaintiff in error, *vs.* JAMES M. GRAY, executor, defendant in error.

Where a Confederate contract was the subject of investigation before the jury, it was error in the Court to refuse to allow the plaintiff to prove the price of corn and other articles at the date of such contract, as it would have tended to have shown the value and purchasing power of Confederate money at that time, so as to have enabled the jury to adjust the rights of the parties, under the provisions of the Ordinance of 1865, on principles of equity.

Scaling Ordinance. Evidence. Before Judge ROBINSON. Jones Superior Court. October Adjourned Term, 1872.

For the facts of this case, see the decision.

W. A. LOFTON; C. L. BARTLETT, for plaintiff in error.

BLOUNT & HARDEMAN, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on a promissory note for $10,869 18, dated 14th December, 1863, due 1st of December, 1864, with interest from the 2d of December last. On the trial of the case, the jury found a verdict for the plaintiff for the sum of $339 21 in

gold, without interest or costs. The plaintiff made a motion for a new trial, on the ground that the verdict was contrary to the charge of the Court, contrary to law and the evidence, and for error in admitting and rejecting evidence at the trial. The Court granted the motion, and the defendant excepted.

This was a Confederate contract, the note having been given for a tract of land purchased by the defendant at executor's sale. One of the main questions on the trial was as to the value of the land purchased, in good money, and what was the value or purchasing power of Confederate money at the date of the note, or at the time the same became due. We think the Court erred in refusing to allow the plaintiff to prove the price of corn and other articles of produce at the time of the sale of the land, as it would have tended to show the value and purchasing power of Confederate money at that time, so as to have enabled the jury to adjust the rights of the parties, under the provisions of the Ordinance of 1865, on principles of equity, as provided by law. In view of the rulings of the Court, and the verdict of the jury in this case, we find no error in granting the new trial.

Let the judgment of the Court below be affirmed.